UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| HAROLD STEVEN JACKSON-BEY, | Civil No. 11-2758 (JNE/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| SCOTT FISHER, | |
| Respondent. | |

---

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 2006, Petitioner was prosecuted in the United States District Court for the District of Maryland for being a felon in possession of a firearm. He pled guilty to that offense, and he was sentenced to 87 months in prison. Final judgment was entered on March 12,

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

2007.[2]  Petitioner is currently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

As far as the Court can tell, Petitioner did not challenge his conviction or sentence on direct appeal.  However, in May 2007, Petitioner filed a motion in the trial court, seeking post-conviction relief under 28 U.S.C. § 2255.  Petitioner contended that his conviction and sentence should be set aside because he received ineffective assistance of counsel at several stages of the original trial court proceedings.  The trial court rejected Petitioner's claims on the merits, and denied his § 2255 motion.  Petitioner tried to appeal that ruling, but he was unable to obtain a Certificate of Appealability from either the trial court or the Fourth Circuit Court of Appeals.  See 28 U.S.C. § 2253(c)(1)(B).

After Petitioner's § 2255 motion was denied, he filed several other motions in the trial court, which raised various challenges to his 2007 conviction and sentence.  None of those motions was successful.

In the present case, Petitioner is once again attempting to challenge the judgment entered against him in 2007 in his Maryland felon-in-possession case.  In Petitioner's current § 2241 habeas corpus petition, he contends that he was denied his Sixth Amendment right to confront an accuser during his sentencing hearing.  He also contends that his sentence was enhanced based on a "false statement," and that he received ineffective assistance of counsel at sentencing, because his attorney did not protect his Sixth Amendment rights. (Petition, p. 3, § (9).)

---

[2]  The trial court docket sheet for Petitioner's Maryland federal criminal case is accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal judiciary.  Much of the background information recited here has been derived directly from the record in the Maryland case.

2

For the reasons discussed below, the Court finds that Petitioner's current challenges to his 2007 Maryland federal criminal conviction and sentence cannot be brought in a § 2241 habeas corpus petition.

## II.   DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Subsection 2255(e) provides that –

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause,"

3

(Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his sentence for his 2007 felon-in-possession conviction in Maryland. He claims that he was deprived of his constitutional rights during the course of his sentencing proceedings, and his sentence should now be vacated. Because Petitioner is directly challenging the validity of the sentence imposed by the trial court, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief in the past. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without prior approval by the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-approval order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the Petitioner has not obtained a pre-approval order from the Fourth Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate

to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

In addition, it clearly appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred by the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Moreover, it appears that Petitioner deliberately elected to bring his current claims in a § 2241 habeas corpus petition, because he knows he is barred from seeking relief under § 2255. Petitioner apparently believes that he is exempt from § 2255's exclusive remedy rule under the savings clause, and that he can challenge his sentence in a § 2241 habeas proceeding, simply because he is not presently eligible for relief under § 2255, due to the restrictions on successive motions and the one-year statute of limitations. That reasoning, however, must be rejected.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition. Congress could not have intended for the rules governing successive § 2255 motions, and the statute of limitations, to be so easily evaded. Indeed, the Eighth Circuit Court of Appeals has expressly confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or

5

because petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). See also Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition"); Abdullah, 392 F.3d at 959 ("§ 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred"); United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the rules limiting successive § 2255 motions), cert. denied, 537 U.S. 869 (2002).

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his or her conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to raise his current claims for relief in his § 2255 motion. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his current claims in his previous § 2255 proceedings in the trial court. As the Court of Appeals pointed out in Abdullah –

> "[T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. 'That does not mean he took the shot, or even that

he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.'"

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

The Court has not overlooked Petitioner's reference to Bullcoming v. New Mexico, 131 S.Ct. 2705 (2011), which was not handed down until after Petitioner was convicted and sentenced, and after his § 2255 motion was denied. However, Bullcoming does not change the analysis of Petitioner's current § 2241 habeas corpus petition, because that case does not provide any new and previously unavailable legal rule. In Bullcoming, the Supreme Court held that a state criminal defendant has a Sixth Amendment right to cross-examine a scientist who produces a forensic laboratory report that is used as evidence against the defendant.[3] Bullcoming did not overturn any existing legal rule or precedent that was used against Petitioner at his sentencing or during his § 2255 proceedings. Nor does Bullcoming add any significant new support for Petitioner's current grounds for relief. The Sixth Amendment arguments that Petitioner is attempting to bring here are not dependent on Bullcoming. The arguments raised here were fully available to Petitioner when he filed his § 2255 motion, even though Bullcoming had not yet been decided. Therefore, Petitioner's citation to Bullcoming does not make the savings clause applicable here.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current habeas corpus petition challenges the validity of the sentence he received for his 2007 felon-in-possession conviction in Maryland; (2) such challenges can be raised only in a motion for relief under

---

[3] The defendant in Bullcoming was convicted of driving while intoxicated. A blood alcohol analysis was used to convict him. The Supreme Court overturned the conviction, because the defendant was not permitted to cross examine the scientist who prepared the blood alcohol analysis report.

28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from seeking relief under § 2255 by the rules governing successive petitions and the statute of limitations; (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" and thus excuse him from § 2255's exclusive remedy rule; and (5) because Petitioner has already had an adequate procedural opportunity to present his current claims in his previous § 2255 motion, he cannot bring those claims in a § 2241 habeas corpus petition. Thus, the Court concludes that Petitioner's current habeas corpus petition cannot be entertained here, and that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").

## IV.     RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that: Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated:      October 6, 2011

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 21, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.