UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Harold Steven Jackson-Bey,

        Petitioner,

v.                                                   Civil Nos. 11-2670 and 11-2758 (JNE/JSM)
                                                    ORDER

Scott Fisher,

        Respondent.

---

      Petitioner filed two applications for habeas corpus relief under 28 U.S.C. § 2241 in this District. Both requests for relief under § 2241 were summarily dismissed for lack of jurisdiction; both challenged the validity rather than the execution of sentences imposed in the District of Maryland. In case number 11-CV-2670, Petitioner challenged the trial court's April 2007 revocation of his supervised release and imposition of a new 24-month sentence for a violation of his supervised release which occurred in Maryland in 2006. In case number 11-CV-2758, Petitioner challenged a March 12, 2007 judgment entered against him in his 2006 District of Maryland felon-in-possession case. Petitioner appealed both orders dismissing his § 2241 claims to the United States Court of Appeals for the Eighth Circuit and has now filed motions in this Court to proceed *in forma pauperis* in both cases. The Court consolidates the cases for purposes of the pending motions and, for the following reasons, denies Petitioner's request to proceed *in forma pauperis*.

      A prisoner-appellant may be granted leave to proceed *in forma pauperis* when he or she is unable to pay the required filing fee and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3) (2006). Petitioner is currently incarcerated and his financial affidavit indicates that he earns $5.99 per month. Prison officials certify that Petitioner's trust fund prison

account has had an average account balance of $79.20 for the past six months and presently contains $0.31. Petitioner appears unable to pay the filing fees.

Good faith, for the purposes of 28 U.S.C. § 1915(a)(3), is judged by an objective standard. *Coppedge v. U.S.*, 369 U.S. 438, 445 (1962). The good faith requirement is satisfied if an appellant seeks review of any non-frivolous issue. *Id.*; *see also Perry v. Ralston*, 635 F.2d 740, 742 (8th Cir. 1980) (applying the non-frivolous standard to civil appeals as well as criminal appeals). An appeal is frivolous where it has no arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

"A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated; a challenge to the validity of the sentence itself must be brought under § 2255 in the district of the sentencing court." *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002). Section 2241 is not the appropriate vehicle to challenge a conviction or sentence unless § 2255 is "inadequate or ineffective to test the legality" of detention. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (rehearing en banc) (citing 28 U.S.C. § 2255). Both of Petitioner's § 2241 claims challenge the validity of his sentences, not the conditions of his confinement. In case 11-CV-2670, Petitioner failed to bring a § 2255 action within the one-year statute of limitations. 28 U.S.C § 2255(f). Likewise, Petitioner could not bring a § 2255 claim in case 11-CV-2758, because he already brought a § 2255 claim which was denied, and he did not have prior approval from the Circuit Court of Appeals where he was convicted to bring a second § 2255 challenge. 28 U.S.C. § 2255(h). "[Section] 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred." *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). There

is no arguable basis in law for Petitioner's appeal challenging the dismissal of his § 2241 claims for lack of jurisdiction. Thus, Petitioner's request for IFP status must be denied.

Therefore, IT IS ORDERED THAT:

1. Petitioner's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 in case 11-CV-2670 [Docket No. 7] is DENIED.

2. Petitioner's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 in case 11-CV-2758 [Docket No. 10] is DENIED.

Dated: January 24, 2012

                                                s/ Joan N. Ericksen
                                                JOAN N. ERICKSEN
                                                United States District Judge